**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1085
_____

CHARLES SCARBOROUGH,
Appellant

v.

CENTRAL BUCKS SCHOOL DISTRICT;
ABRAM LUCABAUGH; SCOTT KENNEDY;
MARTIN HAYES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-00127)

District Judge:  Honorable Nitza I. Quinones Alejandro

Submitted Under Third Circuit LAR 34.1(a)
October 5, 2015

BEFORE: FUENTES, SMITH, and NYGAARD, *Circuit Judges*

(Filed:  November 9, 2015)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge.*

This appeal arises out of a discrimination lawsuit brought by Plaintiff, Charles Scarborough, against his former employer, Central Bucks School District ("the School District") and individual defendants, Scott Kennedy, Abram Lucabaugh, and Martin Hayes. Scarborough alleges that the defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 and 12203, as well as the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, by unlawfully discriminating against him on the basis of his disability and retaliating against him for filing an internal disability discrimination complaint.[1]  He also alleges that the individual defendants aided and abetted those violations.  After the jury returned a verdict in favor of the defendants on all counts, Scarborough filed a motion for a new trial.  The District Court denied Scarborough's motion.  For the following reasons, we affirm.

I.

Scarborough was employed by the School District from April 27, 2007 through April 12, 2011 as a grounds and maintenance worker.  His responsibilities included supervising the custodial grounds and maintenance staff.  During the summer of 2010, Scarborough was disciplined on numerous occasions for disregarding work priorities and assignments set by his supervisors.  On one occasion, for example, Scarborough failed to

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

comply with instructions from Central Bucks East High School Principal Martin Hayes that Scarborough maintain the grounds in front of the high school. On another occasion, according to Scott Kennedy, Director of Operations for the District, Scarborough was absent and unreachable for over 90 minutes during the work day.

On September 5, 2010, Kennedy and other supervisors met to discuss Scarborough's work performance. The problems discussed included the excessive time that it took Scarborough to complete tasks; excessive supplies used by Scarborough to complete tasks; and Scarborough's outright failure to perform assigned tasks. The meeting was memorialized in a memorandum. Because of the issues cited during the meeting, Scarborough was suspended for three days without pay. Scarborough was suspended again for three days without pay for similar reasons later in September 2010. Following various re-assignments and several 1-3 day suspensions, Scarborough eventually received a letter from human resources informing him of the charges against him and the Administration's intent to terminate his employment. As a result of a school board resolution, Scarborough was terminated on April 12, 2011.

Upon exhausting his administrative remedies, Scarborough brought a discrimination lawsuit in District Court, claiming that the defendants unlawfully discriminated and retaliated against him in violation of the ADA and PHRA. After a 4-day jury trial, the jury reached a verdict in favor of the defendants, finding that Scarborough had failed to establish, by a preponderance of the evidence, that he suffered from a disability within the meaning of the ADA or that defendants retaliated against him for engaging in a protected act. Scarborough then filed a motion for a new trial, arguing

3

that the jury verdict should be vacated and a new trial ordered because the jury verdict was against the weight of the evidence and constituted a miscarriage of justice. Scarborough appeals the denial of that motion.

## II.

Vacating a verdict and ordering a new trial because the verdict was against the weight of the evidence should occur "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the Court's] conscience."[2] We will consider Scarborough's ADA and PHRA discrimination and retaliation claims simultaneously because "the Acts serve the same goals and are interpreted coextensively."[3]

A plaintiff presents a *prima facie* case of discrimination under the ADA by demonstrating: (1) he is a disabled person within the meaning of the Act; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.[4] Through regulation, the

---

[2] *Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 128 (3d Cir. 2003).

[3] *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

[4] *See Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir.1996).

EEOC has determined that "deafness substantially limits hearing," that hearing is a major life activity, and thus a deaf person is disabled within the meaning of the Act.[5]

During the trial, Scarborough and his wife testified in support of his claim of hearing loss. Scarborough's testimony consisted of various examples of times when he had trouble hearing while communicating with his wife. For example, Scarborough testified that, on one occasion, he confused the word "coffee" with "happy" when his wife was speaking to him. Scarborough also explained that he was exposed to loud noise when he was in the military service. He testified that he would often read peoples' lips and asked people to repeat things when speaking. Scarborough did not, however, provide testimony by an audiologist or any other qualified expert to support a diagnosis that he was deaf. [6] In fact, Scarborough's coworkers testified that, while working and communicating with Scarborough on a daily basis, it was not apparent that his hearing interfered with his work.

In sum, we believe that there was a substantial void in evidence supporting Scarborough's claim that he was disabled within the meaning of the ADA. We also

---

[5] 29 C.F.R. § 1630.2(j)(3)(iii); *see also Howze v. Jefferson Cnty. Comm., for Econ. Opportunity*, No. 2:11-CV-52-VEH, 2012 WL 3775871, at *11 (N.D. Ala. Aug. 28, 2012).

[6] In support of his brief, Scarborough submitted a document that he received in late March, 2015 from the Department of Veteran Affairs, months after the trial had concluded. The document purportedly suggests that he has "a service connected combined disability rating of 70 percent." This document, however, was not part of the record before the District Court. Therefore, we will not consider it for the first time on appeal. *See System Operations, Inc. v. Scientific Games Development Corp.*, 555 F.2d 1131, 1144 n.17 (3d Cir. 1977); *Jaconski v. Avisun*, 359 F.2d 931, 936 n.11 (3d Cir. 1966); *In re Sugar Indus. Antitrust Litig.*, 579 F.2d 13, 19 (3d Cir. 1978).

5

believe that the testimony of Scarborough's coworkers, including Hayes and Kennedy, substantially undermined Scarborough's contention that he suffered from a disability. Given the underwhelming evidence offered by Scarborough at trial, we therefore find that a reasonable jury could have concluded that Scarborough failed to establish that he suffered from a disability under the ADA.

Scarborough also argues that the district court should not have denied his motion for a new trial because the jury's verdict regarding his retaliation claim was against the weight of the evidence. To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show: (1) a protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.[7]

In support of his retaliation claim, Scarborough places substantial weight on the alleged short period of time between when he filed his internal complaint for disability discrimination on September 3, 2010 and the suspensions levied upon him by the School District in September 2010. However, we find that Scarborough's termination on April 12, 2011, seven months later, was the true adverse action, not the suspensions of September 2010.

Moreover, it appears that Scarborough was disciplined for his performance prior to filing the internal complaint. For example, Scarborough received a one day suspension on August 30, 2010 based on his prior performance deficiencies in maintaining a field,

---

[7] *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

his disregard of priorities set by a supervisor, his non-completion of assignments, and the fact that he could not be found at Central Bucks East High School for over 90 minutes during the work day.  In sum, a jury could reasonably find that the disciplinary actions taken against Scarborough were the direct result of his poor performance and insubordination, not the filing of his internal discrimination complaint.

III.

For the reasons stated above, we affirm the District Court's order denying Scarborough's motion for a new trial.